(No. 36851.—

The People of the State of Illinois, Defendant in Error, *vs.* Kenneth Taylor, Plaintiff in Error.

*Opinion filed May 25, 1962.*

Gerald W. Getty, Public Defender, of Chicago, (James J. Doherty, Assistant Public Defender, of counsel,) for the plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and John T. Gallagher and Edwin J. Belz, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

Defendant, Kenneth Taylor, having waived a jury, was found guilty of burglary after a trial in the criminal court of Cook County, and was sentenced to the penitentiary for a term of five to eight years. He prosecutes this writ of error for review.

The People's evidence established that during the night of September 29, 1959, the office of a Veterans of Foreign Wars post in Chicago was burglarized, and that some cash and a .38 caliber revolver were taken from a locked desk. Over four months later, at about 1:30 A.M. on the morning of February 4, 1960, defendant was stopped by police while driving an automobile without lights. He was carrying the stolen revolver in a shoulder holster and, when asked why he was carrying the gun, explained that he was looking for his wife, whom he believed to be out with another man.

For the defense, the defendant explained his possession by saying that his work as a truck driver frequently kept him away from home at night, and that he had purchased the revolver during either October or November, 1959, for his family's protection. According to defendant, the gun had been offered for sale and he had purchased it from an employee at a plant to which he had done some trucking. He said also that he had given the police the name of the man from whom he had made the purchase. Defendant, who denied knowledge or participation in the robbery, further testified that he worked part time as a bartender and had been so employed on the night of the burglary from 9:00 P.M. to 5:00 A.M., after which he and his wife had gone to breakfast with some friends at a nearby restaurant. Following this, he said he went home and later had accompanied his daughter to 9:00 o'clock church services.

George Pouliot, the tavern owner, corroborated that defendant had worked continually at the tavern from 9:00 P.M. to 5:00 A.M. on the night of the crime. James Blair, a tavern patron, testified that he had seen defendant tending bar from midnight to 5:00 A.M., at which time the witness, defendant and their wives went to breakfast. Blair, an automobile sales manager, said he recalled the date because it was a week prior to an annual showing of new cars.

The trial court, of its own motion, ordered that Blair's wife be summoned as a witness and recessed the trial until

she could be located. This woman, who had since become divorced from Blair, was interrogated by the court and could not recognize defendant as one of the bartenders at the tavern, or recall having breakfast with defendant and his wife on September 29, 1959. However, she conceded that she might have, since she and her husband had frequently patronized the tavern in question. Thereafter, assuming the role of prosecutor, the court recalled Blair to the stand and, upon the basis of assumptions for which there was no support in the record, accused the witness of lying, suggested that he should change his testimony, and threatened to hold him to the grand jury for an investigation of perjury. The witness, however, declined to alter his testimony.

Pointing to the fact that the sole evidence which connects him with the crime was his possession of the revolver, as well as to the evidence corroborating his alibi, defendant contends he was not proved guilty beyond a reasonable doubt. As further grounds for reversal it is contended that the finding of guilty was the result of prejudice on the part of the trial judge. While we believe the latter contention is not without some merit and justification, the view we take on the question of reasonable doubt precludes the need for its analysis and consideration.

Evidence of recent, unexplained, exclusive possession of stolen property by an accused may, of itself, raise an inference of guilt sufficient to warrant a conviction of burglary, provided there are no other facts and circumstances which raise a reasonable doubt of guilt. (*People* v. *Nixon,* 414 Ill. 125; *People* v. *Malin,* 372 Ill. 422.) In determining the conclusiveness of this inference, time is not the only element to be considered, but attention must also be directed to the character of the property stolen, its salability, and the ease with which it may be transported. (*People* v. *Litberg,* 413 Ill. 132. ) And where the facts and the nature of the goods are such that fair opportunity was afforded the thief to have disposed of the property and the accused to have

acquired it innocently, possession is slight, if any, evidence of guilt. *People* v. *Kubulis,* 298 Ill. 523.

In the instant case we are dealing with a revolver, a chattel which is easily transported and highly salable, and we cannot say on this record that defendant's possession more than four months after the burglary is such recent possession as to satisfactorily raise an inference of guilt. Moreover, his explanation concerning its acquisition was uncontroverted, and his alibi received substantial corroboration despite an abortive attempt by the court to undermine it. The evidence here does little more than to excite a suspicion of guilt, and is not of such character that removes all reasonable doubt.

Accordingly, the judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*