456 P.2d 915

**STATE of Arizona, Appellee,**

**v.**

**Frank MOORE, Appellant.**

**No. 1936.**

Supreme Court of Arizona.

In Division.

July 16, 1969.

**546**

Gary K. Nelson, Atty. Gen., by Carl Waag, Special Asst. Atty. Gen., for appellee.

Ross P. Lee, Public Defender, Vernon B. Croaff, former Public Defender, by Anne Kappes, Deputy Public Defender, for appellant.

McFARLAND, Justice:

Frank Moore, hereinafter referred to as the defendant, was adjudged guilty of the crime of First Degree Burglary with a prior conviction, and sentenced to a term of not less than ten nor more than fourteen years in the Arizona State Prison; from his conviction and sentence the defendant appeals.

On March 21, 1968, at approximately 3:00 a. m., the defendant burglarized a motor vehicle of the Alfred M. Lewis Company, hereinafter referred to as the Company. At the trial, Albert Scott, an employee of the Company, testified that on the above date he saw the defendant running across the parking yard of the Company carrying two half cases of cigarettes. Scott further testified that he hollered at the defendant and chased him as far as the gate which opens into the street. The defendant then set the cigarettes on top of a car, turned around and pulled a knife or razor out of his pocket. Scott ran back to the warehouse; when he looked back, the defendant had opened the back door of the car and was putting the cigarettes inside.

■ Defendant first contends that the evidence fails to support the conviction, arguing that there are no circumstances permitting an inference of entry of a motor vehicle; in support of his argument, defendant relies primarily on the Arizona decision of State v. Owen reported in 94 Ariz. 354, 385 P.2d 227.

In Owen, the defendant and a number of companions received permission from some service-station attendants to leave their car parked near the service station while they attempted repairs. During the night, the cash register was discovered missing from the station. Later that evening, the defendant was found about a hundred yards from the station attempting to open the cash register with a pair of pliers and a screwdriver. The defendant was tried and convicted for the crime of Burglary. This Court reversed the conviction, holding that evidence independent of defendant's possession of the stolen goods must be introduced in order to prove an unlawful entry. We stated:

"We recognize that possession of recently stolen goods is often considered a circumstance bearing on guilt or innocence of burglary, People v. Taylor, 25 Ill.2d 79, 182 N.E.2d 654 (1962); Boggs v. State, 228 Md. 168, 179 A.2d 338 (1962), and that this view has likewise found expression in opinions of this court. State v. Andrade, 83 Ariz. 356, 321 P.2d 1021 (1958); Allen v. State, 26 Ariz. 317, 225 P. 332 (1924); Gibson v. State, 25 Ariz. 236, 215 P. 729 (1923); Cline v. State, 21 Ariz. 554, 192 P. 1071 (1920); Quong Yu v. Territory, 12 Ariz. 183, 100 P. 462 (1909). In those cases, however, the requisite criminal intent was established by independent evidence showing an entry accomplished by force or under other circumstances which indicated that the intruder's purpose was unlawful."

In the instant case, as distinguished from Owen, there was no evidence that defendant had received permission to be on the

premises. To the contrary, evidence was introduced that defendant was *without* permission to be on the Company's premises.

The direct examination of Scott was in part as follows:

"Q Did you give him [defendant] permission to enter the area?

"A No, sir."

Delbert Guyette, another employee of the Company, also testified:

"Q You didn't give Mr. Moore yourself permission to enter number 728?

"A No, sir."

In Owen, supra, the only evidence of an unlawful entry was the inference to be drawn from the fact that defendant was found in possession of the stolen goods. That alone was held to be insufficient. But the testimony of both Scott and Guyette in the instant case was independent proof of an unlawful entry.

We stated in Owen, supra:

"No showing * * * of * * * a surreptitious * * * entry * * * appear(s) from the record here. Indeed, the scant evidence relating to the nature of the entry repudiates the notion that it was criminally motivated. * * *"

The evidence elicited in the instant case indicated that defendant entered a truck through an open expanding steel chain gate at 3:00 a. m. with no permission; there is nothing innocent about the appearance of the entry in the present case.

■ Defendant next contends that the trial court had a duty to instruct the jury that the circumstances must not only be consistent with guilt but must also be inconsistent with any reasonable hypothesis of innocence. The premise for defendant's argument is "the State's case was based entirely on circumstantial evidence." We do not agree with defendant's contention because the State did not rely solely on circumstantial evidence. Scott testified that he saw the defendant carrying two half boxes of cigarettes from the Company's premises; his testimony was *direct* evidence of defendant's identity. Scott's testimony was in part as follows:

"Q Do you recall anything unusual happening on March 21st of this year?

"A * * * I saw this person running across the parking yard. And he was carrying two half-cases of cigarettes. * * *

"Q Delbert, how far were you from this person when you first saw him?

"A Well, I wasn't more than five or six feet from him at that time.

"Q Was he moving past you?

"A Yes. He was walking, walking towards me.

"Q Did you get a good look at this person?

"A Yes, I did.

"Q Would you recognize this person if you saw him again?

"A Yes, I would.

"Q Do you see that person in the courtroom this morning?

"A Yes, he is.

"Q Where is he seated?

"A He is in the white T-shirt, at the far table."

We said in State v. Daymus, 90 Ariz. 294, 367 P.2d 647:

"* * * The weight of authority is that the court on its own motion is under a duty to give proper instructions as to the effect of circumstantial evidence if the prosecution must rely exclusively on circumstantial evidence to convict. Gardner v. State, 27 Wyo. 316, 196 P. 750, 15 A.L.R. 1040; Anno. 15 A.L.R. 1049; 69 L.R.A. 193. *But when the evidence is both direct and circumstantial there is no such duty.* Anno. 15 A.L.R. 1049, 1053; 69 L.R.A. 209; 97 Am.St.Rep. 790; State v. Nortin, 170 Or. 296, 133 P.2d 252, 261; State v. Holbrook, 98 Or. 43, 188 P. 947, 192 P. 640, 193 P. 434; State v. Donnelly, 130 Mo. 642, 32 S.W. 1124." [Emphasis added.]

This same question was presented in State v. Michael, 103 Ariz. 46, 436 P.2d

**548**

595; we there upheld the trial court's refusal to give defendant's requested instruction on circumstantial evidence because the State's evidence was not entirely circumstantial and the law in regard to the use and definition of circumstantial evidence was adequately covered by the other instructions. Specifically, we stated:

"Defendant also contends that the court erred in failing to give his requested instruction on circumstantial evidence. The prosecution of this case does not rely solely upon circumstantial evidence, as was the case in State v. Tigue, 95 Ariz. 45, 386 P.2d 402. Nor does it conform to the rule of the law provided in State v. Tigue, supra, and State v. Maynard, 101 Ariz. 239, 418 P.2d 576. The court properly refused to give the requested instruction. Furthermore, in the instant case, the court, in another instruction, properly instructed the jury in regard to the use and the definition of circumstantial evidence."

The trial court correctly conformed to the rule in State v. Michael, supra, previously decided by this Court; we are therefore constrained to affirm its judgment.

Judgment affirmed.

UDALL, C. J., and STRUCKMEYER, J., concur.