471 P.2d 291

STATE of Arizona, Appellee,

v.

Benjamin VERRUE, Jr., Appellant.

No. I CA–CR 206.

Court of Appeals of Arizona,
Division 1.

June 25, 1970.

Rehearing Denied July 24, 1970.
Review Denied Oct. 13, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HOWARD, Chief Judge.

Thomas Dears was employed as a truck driver for Lee Way Motor Freight. On February 20, 1968, he went to the offices of Philco Distributors in Phoenix, Arizona and picked up five color television sets. These sets were in cardboard boxes labeled with the words "Color Television" and "Philco". After picking up the boxes and placing them in the rear of his van truck, Mr. Dears stopped for coffee at a drugstore. While he was in the drugstore having coffee, two sets were stolen from the truck. Two witnesses, who testified at the trial,

actually saw the felonious act taking place. Although they did not see the defendant actually enter the Lee Way truck, they did see an unidentified male of Mexican origin in the rear of the truck, one of the boxes on the ground between the truck and a 1958 Ford automobile, another TV box in the rear trunk of the 1958 Ford and one witness saw the defendant with keys in his hands walking from the rear of the car to the front. One witness took the license number of the '58 Ford. It proved to be registered in the name of the defendant. One of the witnesses called the police but the defendant, his car and the TV sets, left the scene prior to the arrival of the police. The TV sets were never recovered. Both witnesses testified that there was another person in the rear seat of the car.

The defendant was charged and convicted by a jury of the crime of burglary of a motor vehicle. The defendant advances several claims of error, all of which are without merit.

## CIRCUMSTANTIAL EVIDENCE INSTRUCTION

■ Defendant contends that the trial court had a duty to instruct the jury that the circumstances must not only be consistent with guilt but must also be inconsistent with any reasonable hypothesis of innocence. The premise for the defendant's argument is that the State's case was based entirely on circumstantial evidence and, therefore, the rule set forth in State v. Tigue, 95 Ariz. 45, 386 P.2d 402 (1963), required the giving of such instruction. We do not agree with defendant's contention because the State did not rely solely on circumstantial evidence. The facts in this case are analogous to the facts in the case of State v. Moore, 104 Ariz. 545, 456 P.2d 915 (1969). In that case defendant was charged with burglary of a truck.

He was seen running across the parking yard carrying two half cases of cigarettes. A witness in that case testified that he actually saw the defendant carrying two half cases of cigarettes from the premises, although the witness did not see him enter the truck. The court held in *Moore* that this testimony of identification is *direct* evidence. In the case sub judice a witness identified the defendant at the scene of the crime with one of the television sets in the trunk of his car. The State's evidence was not entirely circumstantial and the trial court was correct in not instructing on circumstantial evidence.

## EVIDENCE OF PRIOR BAD ACTS

■ One Ruben Briones was jointly tried with the defendant in this case. He has not appealed. On cross-examination of the police officer who investigated this case, the detective in response to a question as to the manner in which he investigated the case, testified that he went to the City of Phoenix Police Records and looked in defendant's "jacket". This testimony was never objected to by the attorney for defendant Verrue who now contends that the admission of this testimony constitutes fundamental error. Although the defendant has cited many cases which stand for the proposition that the introduction of evidence of previous criminal misconduct constitutes prejudicial error, he has cited only one case to us which states, as such, that such evidence may be fundamental error. This case is the case of State v. Hunt, 91 Ariz. 145, 370 P.2d 640 (1962).[1] Our reading of that case leads us to the conclusion that the reference to past criminal acts in the *Hunt* case was so gross and so frequent that there was no way in which the defendant in that case could have been said to have received a fair trial. However, we do not perceive the state of the record in this case to be the same as that

---

1. The defense has also cited State v. Kellington, 93 Ariz. 396, 381 P.2d 215 (1963). This case is not in point since the defense in Kellington moved for a mistrial which was denied.

in the *Hunt* case. We are therefore, inclined to follow the case of State v. Washington, 103 Ariz. 605, 447 P.2d 863 (1968), wherein the court held that even though the evidence complained of did indicate that the defendant was guilty of some past criminal misconduct, his failure to object to the same or present the same to the lower court on a motion for a new trial or mistrial,[2] resulted in a waiver and could not be raised for the first time on appeal.

## REFERENCE TO MATTERS NOT IN EVIDENCE AND FAILURE TO SUPPORT OPENING STATEMENTS

██ Defendant contends it was prejudicial error for the State to make statements to the jury in its opening statements that they would prove that there were television sets inside the boxes and not thereafter actually substantiate these statements. Defendant's contention is without merit since the evidence clearly shows that the jury could reasonably infer that there were, in fact, television sets inside the boxes. Mr. Dears testified that when he picked up the boxes at Philco Distributors that they were stapled shut. Although he did not personally open the boxes to see whether or not they did in fact contain television sets, he presumed that they did, a presumption that we believe any intelligent person could legitimately indulge in. Furthermore, a witness for the State testified that, the day after the burglary, she saw the defendant's car with a television set in the trunk. The television was not in a crate at that time and she identified it as a 24″ console set. In addition, this claimed error is raised for the first time on appeal, as is also the question as to whether or not the State's references to the transcript of the preliminary examination also constituted error. We wish to make it quite clear, if we have not already done so, that matters not constitut-

ing fundamental error and not raised in a lower court will not be considered grounds for reversal in this court. State v. Taylor, 99 Ariz. 85, 407 P.2d 59 (1965), cert. denied, 384 U.S. 979, 86 S.Ct. 1878, 16 L.Ed. 689; State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960).

## OBJECTIONS TO INSTRUCTIONS

██ The trial court read the following instruction to the jury:

"It is no defense to the crime charged against the defendants in this case that one or more other persons not now on trial might also have participated or cooperated in the crime thus charged. The jury is not to speculate upon or even to consider the reasons for the absence from the courtroom of such other persons, if any, as the only matter before you for decision is the guilt or innocence of these particular defendants."

Defendant objected to the instruction on the grounds that it constituted a comment on the evidence. We do not agree. Although only two defendants were tried in this particular action, there was evidence that there was at least one other person involved. The instruction properly states the law. It is indeed no defense that other persons who may have participated in the crime are not also charged with the crime. cf. United States v. Palermo, 152 F.Supp. 825 (E.D.Pa.1957); United States v. Manno, 118 F.Supp. 511 (N.D.Ill.1954); State v. Krueger, N.D., 124 N.W.2d 468 (1963); City of South Euclid v. Bondy, Ohio Mun. Ct., 200 N.E.2d 508 (1964). In State v. Vann, 11 Ariz.App. 180, 463 P.2d 75 (1970), we explained what is meant by commenting on the evidence. The instruction in the case at hand is not a comment on the evidence.

2. Although the motion for a new trial was made prior to sentencing, we were unable to find the same in the record and do not know what grounds were urged as the basis for new trial.

## INSTRUCTION ON REASONABLE DOUBT

The defendant claims that the court erred in giving the following instruction on reasonable doubt to the jury:

"The burden of proving the defendant guilty beyond a reasonable doubt rests upon the State. This burden never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence.

The term 'reasonable doubt' means a doubt based upon reason. This does not mean an imaginary or possible doubt. It is a doubt which may arise in your minds after an impartial consideration of all the evidence or lack of evidence in the case. It means a doubt that would cause a reasonable man to pause or hesitate when called upon to act upon the most important affairs of life."

The instruction offered by the defendant and refused by the court is set forth below.[3] We see no essential difference between the instruction offered by the defendant and that given by the court.

For the foregoing reasons, the judgment is affirmed.

KRUCKER and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges, of Division Two as authorized by A.R.S. § 12–120, subsec. E.

3. *"Defendant's Requested Instruction No. 1.*
A defendant in a criminal case is presumed by law to be innocent. The law does not require a defendant to prove his innocence or to produce any evidence.
The burden of proving the defendant guilty beyond a reasonable doubt rests upon the state. This burden never shifts throughout the trial.
The term 'reasonable doubt' means doubt based upon reason. You must be convinced beyond a reasonable doubt of the guilt of the accused. To be convinced means that the evidence must be such that the mind sees no reasonable doubt left of the defendant's guilt.
If, after a careful and impartial consideration of all the evidence in this case, you can say that you feel from the evidence that you have an abiding conviction of the guilt of the defendant, and are fully satisfied of the truth of the charge, then and only then are you satisfied beyond a reasonable doubt."