505 P.2d 562

**STATE of Arizona, Appellee,**

v.

**Charles Gregory FORGAN, Appellant.**

No. 1 CA–CR 365.

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 25, 1973.

Rehearing Denied Feb. 23, 1973.

Review Denied March 27, 1973.

Gary K. Nelson, Atty. Gen., by Louis A.. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

E. Reid Southern, Tempe, for appellant.. .

HAIRE, Judge.

Defendant Charles Gregory Forgan was convicted on a charge of first degree burglary and sentenced to serve not less than five nor more than fifteen years in the Arizona State Prison. Upon appeal from that conviction, appointed counsel filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969). The only arguable question presented in counsel's Anders brief concerns an alleged failure by the trial judge to adequately examine a juror who indicated during the course of the trial that he had just become aware that his niece's husband was a witness for the state.

The record shows that when this fact was made known to the county attorney, he advised the trial judge and a hearing was held in chambers. The witness was examined by the court and counsel as to the extent of the witness's relationship and prior contacts with the juror. Defendant's counsel participated in this examination. At the conclusion of the hearing, the trial judge addressed defendant's counsel as follows:

"THE COURT:

   *    *    *    *    *    *

Well, I can see no impropriety that is existent at this time.

Do you, Mr. Pearlstein?

"MR. PEARLSTEIN: No, I don't, your Honor.

"THE COURT: And you have no further matters concerning this before the Court?

"MR. PEARLSTEIN: No, your Honor.

"THE COURT: Very well." [1]

Under these circumstances we find no error in the trial court's failure to pursue the matter further.

After the filing of the Anders opening brief by appointed counsel, the defendant was given the opportunity to file in propria persona a supplemental brief setting forth any additional issues which he might choose to raise. The three additional issues discussed hereinafter were raised in defendant's supplemental brief.

Defendant first contends that there was insufficient evidence to support the justice of the peace's finding of probable cause at the preliminary hearing because the finding was based solely on the uncorroborated testimony of an accomplice. Defendant relies upon the provisions of A.R.S. § 13–136:

"A conviction shall not be had on the testimony of an accomplice unless the accomplice is corroborated by other evidence which, in itself and without aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

Assuming that defendant is correct in his factual assertion that there was no corroboration of the accomplice's testimony at the preliminary hearing, and further assuming that defendant has adequately preserved his right to now question the alleged insufficiency of evidence at the preliminary hearing, we are of the opinion that A.R.S. § 13–136 does not bar a finding of probable cause based upon the uncorroborated testimony of an accomplice. At common law a defendant could be convicted on the uncorroborated testimony of an accomplice. State v. Jeffrey, 211 Minn. 55, 300 N.W. 7 (1941); Fitch v. Commonwealth, 291 Ky. 748, 165 S.W.2d 558 (1942); State v. Miller, 364 Mo. 320, 261 S.W.2d 103 (1953); Smartt v. State, 112 Tenn. 539, 80 S.W. 586 (1904).

This common law rule was changed by our statute, which by its terms does not purport to require corroboration in a hearing at which the ultimate issue is only the determination of probable cause. The stat-

---

1. Defendant was represented by Mr. Pearlstein in the trial court, but by different counsel on this appeal.

ute only bars a "conviction" based upon uncorroborated testimony. At a preliminary hearing it is not necessary to present evidence sufficient to convict the defendant of the crime charged in the complaint. As stated in Drury v. Burr, 107 Ariz. 124, 483 P.2d 539 (1971):

> "It is not . . . necessary that the evidence at a preliminary hearing establish the guilt of the accused beyond a reasonable doubt. Reasonable or probable cause exists if the proof is sufficient to cause a person of ordinary caution or prudence conscientiously to entertain a reasonable suspicion that a public offense had been committed in which the accused participated."

In our opinion there are sound legal reasons for limiting A.R.S. § 13–136 to situations involving the actual trial and possible conviction of a defendant.

Cases from other jurisdictions have considered this same question under similar statutes and the better reasoned opinions have arrived at the same conclusion. *See* People v. McRae, 31 Cal.2d 184, 187 P.2d 741 (1947); State v. Jeffrey, *supra*; In re Dempsey, 65 N.Y.S. 717 (1900). *Contra, see* State v. Smith, 138 Ala. 111, 35 So. 42 (1903); Ex parte Oxley, 38 Nev. 379, 149 P. 992 (1915), but *see* dissenting opinion of Justice Batjer in State v. Wyatt, 84 Nev. 731, 732, 448 P.2d 827 (1968). We hold that A.R.S. § 13–136 does not preclude a finding of probable cause based upon the uncorroborated testimony of an accomplice.

■ Another contention raised by the defendant is that the trial judge violated Art. 6, § 27 of the Arizona Constitution, A.R.S. by commenting on the evidence. The alleged comment on the evidence occurred during the giving of the following instruction:

> \* \* \* \* \* \*
>
> "The essence of a burglary is entering a place, such as I have mentioned, with specific intent, and the crime is complete as soon as the entry is made, regardless whether the intent is carried out. *Under the testimony in this case, if any burgla-*

*ry was committed, it was committed in the nighttime so you are only concerned with burglary in the first degree."* (Emphasis supplied).

\* \* \* \* \* \*

It is defendant's contention that it was only the personal opinion of the trial judge that if any burglary was committed, it was committed in the nighttime, and that therefore the court should have allowed the jury to determine whether first or second degree burglary was involved. Under the evidence presented in this case, the trial court's instruction was entirely proper. By the defendant's own admission, he left a certain tavern with the accomplice at about 2:30 a. m. The accomplice testified that they left the tavern at about 2:45 a. m., and that thereafter the burglaries took place. The defendant was arrested at approximately 4:10 a. m. that same morning. Therefore, it is clear that the evidence would not support any conclusion other than that if any burglary was committed by defendant, it was committed in the nighttime. Defendant's contention is therefore without merit.

Defendant's last contention is that fundamental reversible error was committed when the prosecutor asked him certain questions concerning a prior felony conviction. On cross-examination, defendant was asked the following questions:

> "Q Now, Mr. Forgan, you have been convicted of a felony before; is that right?
>
> "A Yes, sir, it is.
>
> "Q And let me ask you more specifically upon the 6th day of September, 1967, if you were not convicted of robbery with a prior conviction, a felony, in the Superior Court of Maricopa County?
>
> "A Not entirely, sir. I was convicted of robbery.
>
> "Q It is my understanding of your testimony that you were convicted of robbery on the 6th day of September, 1967?

"A   I'm not sure of the date, but I have been convicted of robbery, yes.

"Q   That was here in Maricopa County, in the Superior Court of Maricopa County?

"A   Yes, sir.

"Q   Now, Mr. Benner—pardon me—Mr. Forgan, were you convicted of a felony in California?

"A   No, sir.

"Q   On October 15, 1965?

"A   No, sir.

"Q   The charge of grand theft from person?

"A   No, sir, on that grand theft charge I was convicted of a misdemeanor, having knowledge of the crime but not reporting it."

At this point, the prosecutor let the matter drop, even though, according to the defendant, he apparently had exemplified copies before him relating to the California conviction. No objections were made by defendant's counsel, no motion for mistrial was made, nor was this matter raised in the motion for new trial. The state may, for impeachment purposes, inquire of the defendant when he is a witness whether he has ever been convicted of a felony. State v. Sorrell, 85 Ariz. 173, 333 P.2d 1081 (1959). Upon making such an inquiry, the state must be prepared to prove that defendant has been so convicted. As stated in State v. Hilliard, 89 Ariz. 129, 359 P.2d 66 (1961), "Error lies only where the State makes insinuations [of a felony conviction] which it is not able and prepared to prove." Here, the questions asked by the prosecutor concerning the California conviction might well have been error. However, based upon the record before us, we are unable to say that the error, if any, was of such magnitude as to be classed as fundamental error requiring reversal. If the defendant's counsel had ob-

jected, moved for a mistrial, or brought up this question on his motion for new trial, perhaps the record would reflect the extent to which the prosecutor might have been prepared and able to show that defendant was in fact convicted of a felony in the California courts.[2]   In State v. Hernandez, 96 Ariz. 28, 391 P.2d 586 (1964), error was predicated upon the prosecutor's questions which indicated that defendant had previously committed a felony, the selling of marijuana to a third party.  The Arizona Supreme Court stated:

"Appellant's attorney objected to the question and his objection was sustained. No request was made that the jury be admonished to disregard the inference suggested by the question.  Where there is a failure to request an instruction that the jury disregard the question or to ask for a mistrial, no predicate for an appeal exists.  The trial court must be given the opportunity to correct asserted errors before an appellate court will listen to a plea that an injustice has been perpetrated.  See Mong Ming Club v. Tang, 77 Ariz. 63, 266 P.2d 1091; Bruno v. San Xavier Rock & Sand Co., 76 Ariz. 250, 263 P.2d 308."   96 Ariz. at 33, 391 P.2d at 589.

In our opinion the same reasoning is applicable to the case under consideration. See also, State v. Verrue, 12 Ariz.App. 406, 471 P.2d 291 (1970).  In any event, since the defendant had already admitted that he had been convicted of a felony, the sting of damage to his credibility had already been inflicted, and any claimed additional damage wrought by bringing to the jury's attention the California misdemeanor conviction must be considered minimal under the facts of this case.

The judgment and sentence are affirmed.

JACOBSON, C. J., Division 1, and EUBANK, P. J., Department B, concur.

---

2. In State v. Hilliard, *supra*, the Arizona Supreme Court held that if the record shows that the prosecutor was in fact prepared to show the conviction, no

error is committed in failing to do so, even though the defendant has denied the prior conviction.