(No. 51181.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DONALD PANUS, Appellee.

*Opinion filed June 8, 1979.*

William J. Scott, Attorney General, of Springfield, and Michael M. Mihm, State's Attorney, of Peoria (Donald B. Mackay, Melbourne A. Noel, Jr., and Donna Kaner Socol, Assistant Attorneys General, of Chicago, and James E. Hinterlong, of the State's Attorney's Appellate Service Commission, of Ottawa, of counsel), for the People.

Ronald L. Hamm, of Hamm, Hanna & O'Brien, of Peoria, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, Donald Panus, was convicted in a jury trial in the circuit court of Peoria County of the offense of burglary (Ill. Rev. Stat. 1977, ch. 38, par. 19—1(a)) and sentenced to a term of imprisonment of 5 to 15 years. The appellate court reversed and ordered a new trial on the ground that the property taken was not sufficiently identified and that defendant was unduly prejudiced by its admission into evidence (62 Ill. App. 3d 177). We allowed the State's petition for leave to appeal.

In the latter part of October of 1974, Ronald Garmer placed his Sears Roto-Tiller in a shed approximately 75 yards behind his home at 9824 North Pioneer Parkway, Peoria. On or about April 13, 1975, Garmer went to the shed for the purpose of using the tiller and noticed some evidence of tampering with the shed. Upon entry, he found that the tiller was missing. He then notified the Peoria County sheriff's office. As a witness for the State, Garmer testified to these facts at trial, and he also stated

that he had not given defendant or anyone permission to use the tiller.

Also testifying on behalf of the State was Ronald Herring, a friend of defendant's son. He related a conversation in which defendant allegedly admitted taking a tiller from Garmer's property. According to Herring, he, defendant, and defendant's son passed Garmer's home one day in an automobile and defendant said that he obtained a tiller from those premises. Herring also testified that he helped defendant in loading a tiller into a van owned by Robert Choate, who purchased the tiller from defendant for $50 in February of 1975.

Detective Michael McCoy also appeared as a witness for the State and testified that, after taking statements from Herring, he went to the home of Choate and recovered the tiller. Deputy Sheriff Robert Cone also briefly testified, stating that he was responsible for transporting the tiller from Choate's home to a storage area in the sheriff's office where it was kept under lock until trial.

Defendant does not dispute that the tiller introduced at trial is the tiller that he sold to Choate. His argument is that the State did not sufficiently prove that the tiller belonged to Garmer.

At trial, Garmer identified the tiller as his, pointing out that the paint had burned off the muffler, that the tiller was a Sears model, and that it was at the same depth setting as he used. He further stated that, having owned it for a year, he should recognize it. The State also had attempted to prove that the tiller was Garmer's by comparing the serial number on the machine with that written on Garmer's owner's manual, but there was some evidence that the number was written on the manual after the burglary and the recovery of the tiller. Notwithstanding this defect in the State's proof, the circuit court admitted the tiller into evidence on the basis of the

identifying testimony of Garmer. The court ruled that Garmer's testimony was proper nonexpert opinion testimony based on characteristics peculiar to the subject of identification, and that it was sufficient to identify the tiller.

After all the evidence was presented and closing arguments were made, the jury deliberated and returned a verdict of guilty. The circuit court entered judgment thereon and sentenced defendant to a term of imprisonment of 5 to 15 years.

The appellate court reversed and in so doing said, "It was incumbent upon the State to prove, along with the other elements of the crime of burglary, that the Sears roto tiller belonged to the owner of the burglarized shed, Ronald Garmer. *** Without adequate proof of ownership of the roto tiller the State failed to prove the corpus delicti of the crime charged." (62 Ill. App. 3d 177, 181.) Because it felt that the State had not met its burden of proof, it reversed the conviction and ordered a new trial. We disagree with this judgment and accordingly reverse.

The crime of burglary is defined in Illinois as follows:

> "A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft." (Ill. Rev. Stat. 1977, ch. 38, par. 19—1(a).)

Proof that specifically identifiable property was taken from the burglarized premises is not an essential element of the offense (*People v. Iannacco* (1957), 11 Ill. 2d 55, 59), as it may be in other cases (see, *e.g.,* Ill. Rev. Stat. 1977, ch. 38, pars. 16—1(a) through (d) (theft)), and the State may prove its case without introducing any such evidence. Proof of ownership of property taken may be relevant for other purposes, however, for under our cases the recent unexplained possession of property stolen in a

burglary may be relied upon by the trier of fact to infer guilt (*People v. Taylor* (1962), 25 Ill. 2d 79, 81). Such possession is a relevant circumstance in determining, for example, whether it was defendant that entered the burglarized premises and whether he did so with intent to commit a theft therein. The determinative inquiry as to the question now before us is not, therefore, whether the State has proved an essential element of the crime beyond a reasonable doubt (see, *e.g., People v. Johnson* (1963), 28 Ill. 2d 441, 442 (intent is an essential element of burglary and must be proved beyond a reasonable doubt)), but whether the stolen property was sufficiently identified and relevant to allow it to be placed before the trier of fact as circumstantial evidence of defendant's guilt.

Our examination of previous cases satisfies us that if stolen property is positively identified, as here by the victim, the trial judge may admit the evidence if, in his discretion, he determines that it is relevant. The failure to identify the property by way of its serial number is not fatal to the State's case. (*People v. Miller* (1930), 342 Ill. 244, 250.) Any such perceived weakness in identification could be emphasized by defendant in arguing that the victim lacked credibility or that his testimony should not be given any weight, but such an alleged defect is not a basis for excluding the evidence. (*People v. McCasle* (1966), 35 Ill. 2d 552, 559.) Sufficiency of the identification may be judged by other identifying evidence, and the trier of fact makes the ultimate determination of whether it is credible.

Defendant contends, however, that the identification testimony of the victim Garmer was insufficient to establish that the tiller was his because Garmer was unable to identify any characteristics that were peculiar to his tiller. Even if we were to assume, however, that the characteristics relied upon by Garmer in identifying the tiller were common to other tillers, we still would not be

convinced that the trial judge abused his discretion in admitting the evidence because we feel that the circumstances sufficiently showed that the tiller was connected with the crime and defendant. (*People v. Ashley* (1960), 18 Ill. 2d 272, 280.) The evidence presented by the State clearly showed that defendant took a tiller from Garmer's premises, that defendant sold a tiller to a third party, and that the tiller in the possession of the third party was identified by the victim as his. Even assuming, therefore, that the tiller lacked distinctive features, the trial judge, in his discretion, could determine that a sufficient connection was established to support admission of the evidence. Indeed, our research indicates that distinctiveness is not a *sine qua non* of admissibility, as our cases have approved of the admission of evidence even though "devoid of distinctive features that would enable it to be readily identified." (*People v. Sellers* (1964), 30 Ill. 2d 221, 224.) The key to these cases is whether the circumstances sufficiently connect the property with the crime and the defendant, and, once this is shown, the ultimate determination of the identity of the property rests with the trier of fact (*People v. Weaver* (1959), 18 Ill. 2d 108, 113). We find no abuse of discretion on the part of the trial judge in determining that the tiller was sufficiently connected with the crime and the defendant.

Nor can we say that defendant's possession of the stolen property was not sufficiently close in time to the burglary to justify the conclusion that evidence of such possession would be relevant in determining whether defendant committed the crime. In light of the fact that the tiller was stored in late October 1974 and not proved to be in defendant's possession until February 1975, when he sold it to Choate, the time between burglary and possession could be as great as three or four months. In some circumstances, this might render evidence of possession inadmissible (see, *e.g., People v. Taylor* (1962), 25 Ill.

2d 79, 81-82 (possession of stolen revolver more than four months after the burglary is not sufficient to raise an inference of guilt)), but, as the *Taylor* case holds, the character of the property, salability, and the ease with which it is transported must also be considered, and our consideration of these factors leads us to conclude that the trial judge did not abuse his discretion in determining that evidence of defendant's possession of the tiller would be probative of whether defendant committed the burglary.

Because we have resolved the issue of the admissibility of the tiller in favor of the State, we next address arguments made by defendant in seeking to sustain, on other grounds, the judgment of the appellate court reversing his conviction. Defendant raised four points for reversal in the appellate court, but that court agreed with defendant only that the circuit court erred in admitting the tiller. It either rejected or did not reach the remaining three arguments we now address.

Defendant first contends that the trial judge erred in restricting cross-examination of the State's witness, Ronald Herring, as to the number of charges filed against the witness and any possible promise of leniency in return for testifying. Defense counsel was attempting to show bias. (See *People v. Norwood* (1973), 54 Ill. 2d 253.) Herring was allowed to be asked, however, if he had been charged, and he responded affirmatively. He was also asked if he was promised leniency or threatened, and he responded negatively. In response to later questioning, the witness said that the police officers who took statements from him did say that they would advise the State's Attorney of his cooperation, but that they could make no promises. We find no abuse of discretion on the part of the trial judge in determining that no need for further inquiry was necessary. Cases cited by defendant involved absolute prohibitions of legitimate inquiries into bias (*People v. Rogers* (1976), 42 Ill. App. 3d 499) or false representations by the prosecution as to the witness' arrest record (*People v.*

*Galloway* (1974), 59 Ill. 2d 158) and are therefore not controlling.

Defendant also contends that the trial judge erred by refusing his instruction on proof solely by circumstantial evidence. (See Illinois Pattern Jury Instructions, Criminal, No. 3.02 (1968).) Because we find that there was direct evidence of guilt as well as circumstantial evidence, we find no error in this regard. According to the testimony of Ronald Herring, defendant admitted taking property from the victim's premises, and such an admission constitutes direct evidence (*People v. Brown* (1974), 56 Ill. 2d 312, 317-18, *rev'd on other grounds and remanded* (1975), 422 U.S. 590, 45 L. Ed. 2d 416, 95 S. Ct. 2254).

Finally, defendant alleges a failure by the State to prove guilt beyond a reasonable doubt. We find no merit to the argument. Proof of an unauthorized entry was supplied by the testimony of the victim, Garmer, who stated that there was some evidence of tampering with his shed and that he authorized no one to enter the shed in this fashion to remove the tiller or for any other purpose. This proof alone would allow an inference of intent to commit a felony or theft, the remaining element of the offense (*People v. Johnson* (1963), 28 Ill. 2d 441, 443), but there was also evidence that a tiller was taken and that a tiller was in defendant's possession, as well as his admission that he took it from the burglarized premises. This proof, we believe, is sufficient to sustain the conviction. The combination of defendant's admission and corroborating evidence of guilt leaves no reasonable doubt that a crime was committed and that defendant committed it. *People v. Brown* (1942), 379 Ill. 262, 267; see also *People v. Holmes* (1977), 67 Ill. 2d 236, 239-40.

The judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*