## G. W. ELLINGTON v. STATE.

No. A.-4250.   Opinion Filed June 23, 1923.

(215 Pac. 964.)

(Syllabus.)

1. **Evidence—Inculpatory Hearsay Statements by Officer in Conversation with Defendant.** In a prosecution for having possession of intoxicating liquor with intent to dispose of the same to others, it is error to admit in evidence inculpatory hearsay statements made by an officer in a conversation with the defendant when the liquor was seized.

2. **Same.** A defendant in custody is not called upon to contradict statements prejudicial to him, made in his presence, and though they are not contradicted, they are not admissible in evidence.

Appeal from County Court, Kay County; H. S. Burke, Judge.

G. W. Ellington was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed.

B. C. Wieck, for plaintiff in error.

George F. Short, Atty. Gen., and M. W. McKenzie, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment rendered on a verdict of a jury finding appellant, G. W. Ellington, guilty of having possession of intoxicating liquor "with the unlawful intent of disposing of the same to others," and fixing his punishment at a fine of $500 and confinement in the county jail for a period of six months.

The evidence is very brief. It shows that the city attorney of Ponca City and two policemen searched the Fox Hotel, where Ellington roomed, and found three half-gallon fruit jars of corn whisky in Ellington's grip. One of the policemen went out after the defendant and brought him to the room, and the defendant stated that the whisky belonged to him. The defendant, as a witness in his own behalf, testified that the liquor found was his; that there were only two fruit jars of the whisky, and the only purpose he had it for was for his own use; that he did not have it for the purpose of in any way unlawfully disposing of it.

Of the various assignments, it is only necessary to consider the one that "the court erred in permitting the introduction of improper and incompetent testimony over the objections of the defendant." J. Q. Louthan testified:

"I am city attorney of Ponca City, and with Officers Ed Hopton and Arch Smith I searched the defendant's room in the Fox Hotel and found three two-quart fruit jars of corn whisky in the defendant's grip. The defendant came in with Officer Smith, and I said, 'Is this your grip?' and he said 'Yes; that is my grip.' I opened it and asked him if that was his whisky, and he said it was. I said, 'Wash, we have been good to you; you have been drunk here a number of times, and we have given you an opportunity to quit—(The defendant's objection as incompetent, irrelevant, and immaterial overruled, and exception.) And he didn't say anything to that. I said, 'As much trouble you have had over this whisky, I would think you would let it alone.' He said, 'Well, you know how it is; when

a fellow has drank whisky as long as I have, it is pretty hard to quit.' I said, 'They called me up a while ago and said you were bootlegging from this hotel,' and he didn't make any answer.

"Mr. Wieck: Objected to, and we move to strike that out. It can serve only one purpose; that somebody called Mr. Louthan up and told him that this defendant was bootlegging.

"The Court: That is what he told the defendant. I think all that conversation is admissible. (To which the defendant excepts.) "

We are of the opinion that the testimony admitted against the defendant's objections was inadmissible and prejudicial to the substantial rights of the defendant. In Vaughan v. State, 7 Okla. Cr. 685, 127 Pac. 264, 42 L. R. A. (N. S.) 889, it is said:

"It is error in the trial of a criminal case for the court to admit testimony as to declarations between an officer who had accused under arrest and the state's witnesses, or other persons, in the presence of the accused, tending to connect him with the offense charged, and that the accused remained silent as to such conversation; and when a conviction results with such testimony before the jury a new trial should be granted."

In Ellis v. State, 8 Okla. Cr. 522, 128 Pac. 1095, 43 L. R. A. (N. S.) 811, it is said:

"A person held in custody on a charge of crime is not called upon to contradict statements prejudicial to him made in his presence by another, and though such statements were not contradicted by such person, they are not admissible in evidence against him."

And see Towery v. State, 13 Okla. Cr. 216, 163 Pac. 331, L. R. A. 1917D, 491.

It is a well-established principle of criminal jurisprudence that incompetent, irrelevant, and immaterial evidence, which tends to arouse the prejudices or to warp the judgment of

jurors in any degree, cannot be considered as harmless. The only evidence tending to show an intent on the part of the defendant to dispose of the liquor in question to others was that the amount exceeded one gallon as shown by the state's testimony, and it would seem that the hearsay statement of the city attorney was well calculated to bolster up that element of the state's case.

On account of the errors indicated, the judgment of the lower court is reversed.

MATSON, P. J., and BESSEY, J., concur.