## CHARLES SAUNDERS v. STATE.

No. A-5319.   Opinion Filed March 13, 1926.
(244 Pac. 55.)

W. R. Withington, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Houston B. Teehee, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, with two others, was informed against in the district court of Canadian county for the larceny of domestic fowls in the nighttime. A severance was had; the defendant tried alone; the jury returned its verdict finding him guilty, and fixing his punishment at 4 years in the state penitentiary.

Several assignments of error are presented in the brief, and such as are deemed material will be considered. It is first argued that the court erred in permitting the county attorney to amend the information after the jury had been impaneled. It appears that the offense was committed about the 25th day of February. The information alleges that a preliminary trial was had on the 4th day of March, and then charges the offense to have been committed on the 27th day of March. When evidence was offered, defendant's counsel objected, for the reason that the information charged an impossible date. The county attorney suggested to the court that by error the information alleged the offense to have been committed in March instead of February, and asked leave to correct it, which was granted. The trial proceeded over the objection of defendant. Under the provisions of section 2512, Comp. Stat. 1921, the objection is merely technical, and the amendment to correct the date was properly allowed. He was thoroughly cognizant with the record of the case, knew that he had been arrested on the charge in February, that a preliminary had been had thereon in the early days of March, and could not have been prejudiced thereby. Little v. State, 21 Okla. Cr. 1, 204 P. 305; Johnson v. State, 21 Okla. Cr. 17, 204 P. 311; Elkins v. State, 29 Okla. Cr.

175, 233 P. 491; Leyerle v. State, 31 Okla. Cr. 179, 237 P. 871.

It is further urged that the trial court erred in admitting testimony of accusations made by an officer to the defendant after his arrest, which he did not answer. It is well settled that an accused in custody has a right to remain silent, and his silence may not be used as evidence against him as a tacit admission of guilt. An accused does not have to deny an accusation made to him or contradict a statement made in his presence, and in such case **the statement or accusation and his silence are not ad**-missible against him. Ellis v. State, 8 Okla. Cr. 522, 128 P. 1095, 43 L. R. A. (N. S.) 811; Vaughan v. State, 7 Okla. Cr. 685, 127 P. 264, 42 L. R. A. (N. S.) 889; Towery v. State, 13 Okla. Cr. 216, 163 P. 331, L. R. A. 1917D, 491; Ellington v. State, 24 Okla. Cr. 67, 215 P. 964; Patton v. State, 29 Okla. Cr. 66, 232 P. 454; Mackey v. State, 30 Okla. Cr. 31, 234 P. 782.

Finally it is contended that the court erred in admitting testimony tending to show that the codefendants had at other times sold other domestic fowls which were probably stolen. This evidence would have been admissible against the codefendant, but, since there was no evidence connecting the defendant with his codefendants on the occasions testified to, it was not admissible against him. Slight evidence is all that is required to render the acts or statements of a conspirator admissible, but there must be some evidence. The evidence of acting together is confined to the offense charged in the information. **The law** is well settled that, where the guilt of one of several defendants jointly charged with a felony is sought to be established by evidence of conspiracy between him and the others, evidence as to acts and statements of the others must be confined to such acts and statements done and made at times when the proof permits a finding that a

conspiracy existed. Declarations or acts made or done prior to the formation of a conspiracy or after its termination, and not in furtherance of any plan between the parties, is not admissible in evidence in the separate trial of one of the parties. The admission of acts of the codefendants at a time prior to any connection of the defendant, under the proof, with codefendants, was erroneous.

For the reasons assigned, the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.