Ex parte CHESTER A. WHITE.

No. A-10221.   Oct. 7, 1942.

(130 P. 2d 103.)

Glen O. Morris and George Miller, Sr., both of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. This is an original proceeding in habeas corpus instituted by the petitioner to secure his release from confinement in the county jail of Oklahoma county.

The agreed facts are that the petitioner entered his plea of guilty in the district court of Oklahoma county in two cases wherein he was charged with driving an automobile while under the influence of intoxicating liquor and was adjudged to pay a certain fine and the costs taxed against him. Included in the costs so charged against the petitioner was a "county attorney fee" of $40 in each case. Petitioner has paid the fine and the court costs with the exception of the $80 so assessed, and at the time of the filing of the petition was incarcerated in the county jail in default of the payment of said costs

where he was being given credit on said costs at the rate of $1 for each day of incarceration in said jail.

The sole question presented by this proceeding is whether the so-called county attorneys' fees prescribed by section 1035, O. S. 1931, 28 O. S. 1941 § 38, should be taxed as costs in felony cases where the defendant pleads guilty and has been sentenced pursuant to such plea.

The statute in question reads as follows:

"The clerks of the courts and the justices of the peace shall charge and collect as costs in all criminal cases, to be known as county attorneys' fees, and pay into the county treasury to the credit of the court fund, the following fees:

"For each plea of guilt in the justice of the peace court ........................................................ $    5.00

"For each conviction in the justice of the peace court on a plea of not guilty ........................    10.00

"For each conviction in the county court for gambling, carrying concealed weapons, disturbing religious worship, and for violation of the enforcement act ........................................................    15.00

"For a conviction in all other misdemeanor cases ............................................................................    10.00

"For each conviction on a charge of a felony except as herein otherwise provided ........................    40.00

"For each conviction on a charge of rape, burglary, robbery or arson, in the first degree....    75.00

"For each conviction on a charge of a capital offense ................................................................  100.00"

It is the contention of the petitioner that the term "conviction," as used in such statute, means a judgment which is assessed where there has been a plea of not guilty and a trial and conviction. His argument is based principally upon the fact that said statute specifically distinguishes between a plea of guilty in the justice of the

peace court and a conviction in the justice of the peace court on a plea of not guilty, and fixes the fee which is to be charged at double the amount where there is a trial upon a plea of not guilty from that which is charged when a plea of guilty is entered.

When this question was raised the first impression of the court was that the contention of the petitioner was sound and should be sustained. However, a consideration of the statute and of the former decisions of this court has forced us to conclude to the contrary.

If the contention of the petitioner was correct, it would not have been necessary in the second item of the above statute, in referring to justice of the peace cases, to insert the words "conviction on a plea of not guilty," but it would have been sufficient, if petitioner's contention is correct, to have merely stated: for each plea of guilty—$5; for each conviction—$10.

In the case of Gilmore v. State, 3 Okla. Cr. 639, 108 P. 416, 417, 139 Am. St. Rep. 981, it is said:

"In its ordinary sense the term 'conviction' is used to designate that particular stage of a criminal prosecution, when a plea of guilty is entered in open court, or a verdict of guilty is returned by a jury. But in a strict legal sense it denotes the final judgment of the court," and "imports the final consummation of the prosecution, from the complaint to the judgment of the court by sentence."

In Ex parte White, 28 Okla. Cr. 180, 230 P. 522, it was held:

"The term 'conviction,' in article 6, § 10, of the Constitution relating to pardons and paroles, denotes the final judgment of the trial court, upon a plea of or verdict of guilty."

See, also, Martin v. State, 30 Okla. Cr. 49, 234 P. 795.

In 24 C. J. S., Criminal Law, § 1556, it is stated:

"In its general or popular sense, 'conviction' is the establishment of the guilt of accused according to some known legal mode. In legal phraseology 'conviction' means the establishment or ascertainment of a person's guilt prior to and independently of judgment or sentence, as by a confession in open court, a plea of guilty, or a verdict or finding of guilt by a jury. In its restricted or technical legal sense, 'conviction' means the final consummation of the prosecution including the judgment or sentence, or, as is frequently the case, the judgment or sentence itself."

A conviction is that "legal proceeding of record which ascertains the guilt of the party and upon which the sentence or judgment is founded." Commonwealth v. Lockwood, 109 Mass. 323, 12 Am. Rep. 699.

In Morse v. State, 63 Okla. Cr. 445, 77 P. 2d 757, 762, this court, in discussing the proof which is necessary to establish a former conviction, used this language:

"It would seem, therefore, that a former conviction must be established by proving the rendition of a judgment on the verdict or plea of guilty."

In 1 Bouv. Law Dict., Rawle's Third Revision, p. 672, we find the term "conviction" defined as that legal proceeding of record which ascertains the guilt of the party and upon which the sentence or judgment is founded, and includes an ascertainment of the guilt of the party by an authorized magistrate in a summary way, or by confession of the party himself, as well as by verdict of a jury.

There is another reason why the contention of counsel for defendant may not be sustained. The statute herein involved became a law in 1910. Session Laws 1910, chap. 69, § 13. The Attorney General has directed the attention of this court to the fact that the administra-

tive construction placed upon said statute by the Attorney General soon after its enactment was in accordance with the definition hereinabove set forth and included an ascertainment of the guilt of the party by a judgment and sentence on the verdict or by a plea of guilty. The court clerks of this state, acting on the advice of the Attorney General, have uniformly followed this administrative construction of said statute.

This is the first time this issue has been raised in the Criminal Court of Appeals. The Legislature, with a full knowledge of the administrative construction placed on said statute, has allowed it to remain a part of our Code without change since its adoption in 1910. For 30 years these fees have been charged as costs without questioning said statute.

In the case of League v. Town of Taloga, 35 Okla. 277, 129 P. 702, 705, it is stated as follows:

"The construction placed on statutes or constitutional provisions by officers in the discharge of their duties, either at or near the time of the enactment, which has been long acquiesced in, is a just medium for its judicial interpretation."

And see Ex parte Crump, 10 Okla. Cr. 133, 135 P. 428, 47 L.R.A., N.S., 1036; Foote v. Town of Watonga, 37 Okla. 43, 130 P. 597; Missouri, O. & G. v. State, 29 Okla. 640, 119 P. 117; State v. Hooker, 26 Okla. 460, 109 P. 527; City of Tulsa et al. v. Weston et al., 102 Okla. 222, 229 P. 108; Leininger et al. v. H. L. Cannady Co., 139 Okla. 301, 282 P. 474.

It is our conclusion that the term "conviction," as used in said statute, refers to the final judgment of the court based upon a plea of guilty or a verdict of guilty after a trial.

For the reasons hereinabove stated, the petition for writ of habeas corpus is hereby denied. The petitioner, Chester A. White, was admitted to bail pending the determination of this proceeding.

It is therefore ordered that said petitioner, Chester A. White, be committed to the county jail of Oklahoma county until the costs, including the county attorney's fee of $80, are satisfied, in accordance with the statutes, by the payment of said costs or by service by the defendant of the statutory time in said county jail.

BAREFOOT, P. J., and DOYLE, J., concur.