RALPH LAMB, SHERIFF OF CLARK COUNTY, NEVADA, Appellant, v. JAMES TOMMY BENNETT, Respondent.

No. 6219

March 2, 1971                    482 P.2d 298

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, *Alan R. Jones,* Chief Criminal Deputy District

Attorney, and *Addeliar D. Guy,* Deputy District Attorney, Clark County, for Appellant.

*Alfred Becker* and *David Abbatangelo,* of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

The respondent was charged as a principal pursuant to NRS 195.020, by criminal complaint with the crimes of murder, robbery and kidnapping, all arising out of a single incident occurring at the Peyton Place Bar in Las Vegas, Nevada, at approximately 8:00 p.m. on April 18, 1969. During the robbery, the patrons and employees were held at gunpoint. One customer, Calvin Popejoy, was shot and killed, and a considerable amount of money was taken from the premises.

The testimony given at the preliminary hearing established that Leroy Allen Marsh, Alfred Adams, Reginald Aernout and the respondent agreed to commit several robberies, including one at the Peyton Place Bar. Adams and Aernout entered the bar while Marsh remained outside as lookout and the respondent remained in the car as the driver. None of the patrons or employees of the bar was able to identify the respondent as one of the robbers although there was evidence to place the others accused at the scene of the crime.

Upon being apprehended, Marsh, Adams, Aernout and the respondent were charged with robbery, murder and kidnapping. Aernout waived a preliminary examination and on October 23, 1969, pled guilty to the crime of first degree murder.

The preliminary examinations of Marsh, Adams and the respondent were consolidated. At that hearing Aernout testified for the State and specifically identified the respondent as the man who had driven the getaway car after the robbery at the Peyton Place Bar.

The testimony of Aernout was corroborated by Bobby Ray Schneider, a long time friend of the respondent. Schneider testified that he had seen the respondent with Aernout and Adams on the afternoon before the robbery in and about the automobile owned by the respondent. The witness further testified that during the evening following the robbery, Marsh, Adams, Aernout and the respondent visited him at his home and offered to purchase his automobile for cash.

Schneider also testified that he and the respondent had a conversation in the mess hall of the city jail on the day of the respondent's arraignment in this case. At that time the respondent told the witness that "They couldn't get him for murder because all he did was drive the getaway car."

At the conclusion of the preliminary examination, Marsh, Adams and the respondent were bound over for trial on charges of murder and robbery. On December 4, 1969, the respondent filed a petition for a writ of habeas corpus. On March 10, 1970, the district court ordered the respondent discharged from custody upon the basis that the State had failed, at the preliminary examination, to show sufficient corroboration of the charges.

The determination of this case centers around the requirements of NRS 175.291, which provides in part: "1. A conviction shall not be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof." The requirement that the testimony of an accomplice be corroborated is applicable to preliminary hearings. In re Oxley and Mulvaney, 38 Nev. 379, 149 P. 992 (1915); In re Bowman and Best, 38 Nev. 484, 151 P. 517 (1915); Ex parte Hutchinson, 76 Nev. 478, 357 P.2d 589 (1960); State v. Wyatt, 84 Nev. 731, 448 P.2d 827 (1968).

The State concedes that the principal witness, Aernout, was an accomplice to the crimes charged, therefore the validity of

the order of the district court hinges upon the sufficiency of the testimony elicited from Schneider. Upon examination of the record it appears to this court that Schneider's testimony tends to connect the defendant with the commission of the offense.

The testimony of Schneider contains several items of relevant evidence which meet the statutory requirements. First, he placed the respondent in the company of the other men similarly charged both prior and subsequent to the commission of the crimes. Second, at a time shortly after the commission of the crimes, he testified that he saw the respondent and his accomplices with a large sum of money in their possession. Third, and most significantly, Schneider spoke to the respondent on the date of the latter's arraignment in this case, and at that time the respondent admitted driving "the getaway car." This spontaneous statement on the part of respondent was an admission against his penal interest.

This court considered an analogous situation in State of Nevada v. Chapman, 6 Nev. 320 (1871). There the appellant, Chapman, who had been in San Francisco, California at the time the crime was committed, questioned the sufficiency of corroborating evidence presented at his trial. Discussing Stat. [Laws of the Territory of Nevada] 1861, 473, § 365, which is the predecessor of NRS 175.291, this court said: "Upon review of the transcript, it appears that there was some evidence tending to corroborate the accomplices, as by statute required. Several witnesses, not defendants, thus testify. Roberts and Evans both place appellant in company with three of the defendants (one of whom is the witness who gave full evidence of the agreement), at the time and place testified to, and Roberts in addition swears that the witness, accomplice, and appellant came in a wagon together. Newby swears that subsequent to the time above referred to, the appellant was in company with one Squiers, a defendant, in the night time in San Francisco. Ladd testifies to the sending of a telegram, as agreed by appellant, over an assumed name, to the accomplice witness. Arthurs says that the key to this telegram produced at the trial was in the handwriting of appellant. Burke and Edwards testify that appellant denied the sending of this telegram upon its exhibition to him after his arrest. How much the weight of this evidence may be, it is not for this court to decide. It is evidence tending to the statutory corroboration; considered by the jury sufficient; and therefore the objection of appellant must fail."

Here the witness, Schneider, gave much stronger testimony tending to connect the respondent with the commission of the

offenses. He testified that he had seen the respondent in the company of the other suspects before and after the commission of the crimes charged, and that the respondent told him that he had driven the getaway car. Taken as a whole the circumstances surrounding that statement certainly tend to connect the respondent with the commission of the offenses.

It was not necessary for the respondent to have told Schneider that they couldn't get him for the murder of Calvin Popejoy because all he did was drive the getaway car from the Peyton Place Bar on the evening of April 18, 1969. As indicated in State of Nevada v. Chapman, supra, the weight to be given to this evidence is not for the district court nor this court to decide, but it is evidence to be weighed by the magistrate. Schneider's testimony was not shaken by cross examination, it was believable and it was not refuted. It must be inferred that the magistrate considered and weighed it before he bound the respondent over to district court for trial. The quantum of proof required at a preliminary examination is less than that required at trial. In Robertson v. Sheriff, 85 Nev. 681, 462 P.2d 528 (1969), this court said: "At a preliminary hearing there need not be produced the quantum of proof required at a trial to establish the guilt of the offender beyond a reasonable doubt."

This case is to be distinguished from Ex parte Sullivan, 71 Nev. 90, 280 P.2d 965 (1955), and Ex parte Hutchinson, 76 Nev. 478, 357 P.2d 589 (1960), where the only evidence, in each case, connecting the accused with the crime charged was the testimony of an accomplice, and where there was absolutely no other evidence which in itself and without the aid of the testimony of the accomplice met the statutory requirement. Cf. State v. Streeter, 20 Nev. 403, 22 P. 759 (1889), and Dutton v. Evans, 400 U.S. 74 (1970).

A writ of habeas corpus will issue to the end that an accused will not be compelled to undertake the burden of a trial where the evidence before the committing magistrate is legally insufficient to indicate that he has committed the offense charged. Ex parte Hutchinson, supra. (Cook v. State, 85 Nev. 692, 696, 462 P.2d 523 (1969).) Here, however, all that is required by the statute is that the evidence tends to connect the accused with the commission of the crime. The testimony of Schneider did tend to connect the respondent with the commission of

the crimes charged, therefore, the respondent's petition for a writ of habeas corpus should have been denied.

Reversed and remanded to district court for further proceedings.

ZENOFF, C. J., MOWBRAY and THOMPSON, JJ., and MANN, D. J., concur.