JOANNE HELEN WELLMAN, aka FRANKLIN, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 7628

April 19, 1974                    521 P.2d 365

*Douglas J. Shoemaker,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Joel M. Cooper,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

After a preliminary examination, appellant was ordered to stand trial for the murder of her husband. NRS 200.010. Thereafter, by petition for habeas corpus, she challenged the sufficiency of the evidence to show probable cause, contending that the only evidence against her was the testimony of Roosevelt Swift, who admitted having committed the homicide himself but who asserted he had done so at appellant's instance.

In the court below, the State acknowledged that Swift was shown to be an accomplice by his own testimony, which was not corroborated as required by NRS 175.271 and our holding in Austin v. State, 87 Nev. 578, 491 P.2d 724 (1971). However, the State argues that the test of corroboration, as enunciated in *Austin* and authorities there cited, applies only at the trial stage. The State suggests that Lamb v. Bennett, 87 Nev. 89, 482 P.2d 298 (1971), supports this contention. We do not so read that opinion. In fact, in *Lamb* we said: "The requirement that the testimony of an accomplice be corroborated is applicable to preliminary hearings." 87 Nev. at 91, 482 P.2d at 299. Accordingly, "the committing magistrate was without authority to bind over petitioner for trial." Ex parte Hutchinson, 76 Nev. 478, 482, 357 P.2d 589, 591 (1960).

Excluding the incriminating testimony given by Swift, the record does not connect appellant with the homicide. Accordingly, we reverse the order of the trial court, and direct that appellant be freed from custody unless, within 30 days time, the State elects to bring new charges.