The STATE of Oklahoma, Appellant,

v.

Gary Wayne WOFFORD, Appellee.

No. O-76-121.

Court of Criminal Appeals of Oklahoma.

May 7, 1976.

David Young, Dist. Atty., Creek County, for appellant.

Lantz McClain, Sapulpa, for appellee.

OPINION

BUSSEY, Judge:

Gary Wayne Wofford, hereinafter referred to as defendant, was charged in the Creek County District Court, Case No. CRF–75–72, for the offense of Robbery With Firearms. On the 22nd day of October, 1975, a preliminary hearing was held and the defendant was thereafter bound over for trial. On the 14th day of January, 1976, defendant filed a motion to quash before the District Court and thereafter on January 29, 1976, the District Court sustained said motion and entered an order of dismissal for lack of corroborative evidence at the preliminary examination. From said order of dismissal, the State has appealed under the provisions of 22 O.S.1971, § 1053 ¶ 1. Also see, *State v. Durham*, Okl.Cr., 545 P.2d 805 (1976).

This appeal presents the following two questions for this Court's determination:

1. When the State relies upon an accomplice's testimony at a preliminary hearing, must the accomplice's testimony be corroborated by independent evidence?

2. Was the accomplice's testimony in the instant case corroborated by such other evidence which tends to connect the defendant with the commission of the crime charged?

In answering the first question we observe that by statute this jurisdiction bars a conviction based solely on the uncorroborated testimony of an accomplice. See, 22 O.S.1971, § 742. However, there appears to be only one case, by dicta, that extends the application of § 742, supra, to the preliminary examination. See, *Crum v. State,* Okl.Cr., 383 P.2d 45 (1963). Cases from other jurisdictions have considered the same question under similar statutes and we believe the better reasoned opinions have arrived at the proper conclusion that the uncorroborated testimony of an accomplice will not support the finding of probable cause at a preliminary examination. In the case of *State v. Smith,* 138 Ala. 111, 35 So. 42 (1903), the Alabama court stated:

"The above conclusion leaves but one question in the case; that is, whether the uncorroborated testimony of an accomplice may be sufficient to show probable cause to believe that a felony has been committed, and that the party under inquiry is guilty thereof. . . . It is to be noted that this statute in terms operates only to prevent convictions of felony on the testimony of an accomplice. It does not, in terms, apply to preliminary examinations, nor to trials on habeas corpus, nor to the exclusion of a finding of probable cause for believing that an offense has been committed, and that the accused is guilty thereof, on such examination or trial. Yet, in our opinion, its effect is to stamp a policy upon the administration of the law in this connection which cannot be carried out unless it be given operation upon cases where the inquiry is probable cause vel non, as well as where the inquiry is as to absolute guilt. The statute infects the testimony of accomplices with such absolute infirmity as that not only may the citizen be not convicted upon it, but as also that he should not be deprived of his liberty in anticipation of a final trial upon it. A consideration of practicabilities in the administration of the criminal law, so to speak, would seem to enforce the same conclusion. Why should the citizen be held to the grand jury, or indicted by the grand jury, on testimony upon which no petit jury could possibly convict him? What good end could be served by such a proceeding? Can there be said to be even probable cause shown in any case by testimony which the law expressly and positively declares to be insufficient to support a conviction? We think not. . . . To hold him would be a vain and useless thing, involving his incarceration not as a punishment for crime, and not really to the end that he should be tried for a crime charged of his probable guilt of which there is evidence to prove, but at the best upon a mere speculation that evidence may be found to corroborate that of the accomplice. The evidence before the probate judge in this case tending to show the guilt of the petitioner was that of the accomplice alone and uncorroborated. The judge correctly discharged the petitioner, and his order to that effect is affirmed."

Also see, *Ex parte Oxley,* 38 Nev. 379, 149 P. 992 (1915); *Application of Sullivan,* 71 Nev. 90, 280 P.2d 965 (1955); *Application of Hutchinson,* 76 Nev. 478, 357 P.2d 589 (1960); *Lamb v. Bennett,* 87 Nev. 89, 482 P.2d 298 (1971), and *Wellman v. Sheriff, Clark County,* 90 Nev. 174, 521 P.2d 365 (1974).

Therefore, based on the above authorities and reasoning, we hold that 22 O.S. 1971, § 742, is extended to preliminary examinations in this jurisdiction.

■ The final question to be answered by this Court is whether or not the accomplice's testimony was sufficiently corroborated? In light of the conclusion which we reach, the evidence forming the basis for this determination will not be recited in this opinion for the reason that it may be construed as an expression by this Court of the guilt or innocence of the defendant, which is clearly a matter for the determination of the jury. After a careful review of all the evidence presented at the preliminary examination, it is our opinion that the accomplice's testimony was sufficiently corroborated.

It is, therefore, our opinion that the District Court's order quashing the preliminary information should be, and the same hereby is, REVERSED AND REMANDED, with instructions to vacate the judgment setting aside the information and to reinstitute this cause upon the docket, and to proceed as if the order setting aside the information had never been entered.

*REVERSED AND REMANDED WITH INSTRUCTIONS.*

BRETT, P. J., dissents, but concurs in results.

BLISS, J., concurs.

BRETT, Presiding Judge (dissents, but concurs in results reached).

The provisions of § 742 have been part of the Oklahoma Statutes since statehood. Today for the first time this Court extends the requirement of that statute, that the testimony of an accomplice be corroborated, to a preliminary examination. I dissent to that decision.

First, I believe the construction of § 742 in the majority opinion ignores the plain language of that statute which provides:

"A *conviction* cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the cor-

roboration is not sufficient if it merely show the commission of the offense or the circumstances thereof." (Emphasis added)

The word "conviction" means, as this Court has held, "the final judgment of the court based upon a plea of guilty or a verdict of guilty after trial." *Ex parte White*, 75 Okl.Cr. 204, 130 P.2d 103 (1942). I believe the use of the word "conviction" restricts the provisions of the statute to testimony given at trial.

Other jurisdictions with similar statutes have squarely ruled that the corroboration requirement of those statutes does not apply to preliminary examinations. See *State v. Jeffrey*, 211 Minn. 55, 300 N.W. 7 (1941); *People v. McRae*, 31 Cal.2d 185, 187 P.2d 741 (1947); *People v. Martinez*, 80 Misc.2d 735, 364 N.Y.S.2d 338 (1975); *State v. Forgan*, 19 Ariz.App. 124, 505 P. 2d 562 (1973).

In *State v. Jeffrey,* supra, Justice Peterson of the Minnesota Supreme Court criticizes the Alabama decision, *State v. Smith,* relied on by the majority decision. In that opinion it is stated:

". . . There are reasons which must be apparent to everybody for distinguishing between the degree of proof required to establish probable cause to believe a prisoner guilty for the purpose of holding him to answer for a crime and that required to convict him. The better reasoned cases hold that a statute requiring corroboration of an accomplice to convict does not apply to showing probable cause upon a preliminary examination . . . ."

In *People v. McRae,* supra, the opinion by Justice Traynor states:

"It was held *In Re Schwitalla*, 36 Cal. App. 511, 172 P. 617, that a magistrate can hold a defendant to answer upon the uncorroborated testimony of an accomplice. 'While a defendant cannot be convicted upon the uncorroborated testimony of an accomplice, the testimony of an accomplice is admissible and is proper to

be considered, and we think it sufficient to make it appear that there is a "probability" that a defendant has been guilty of the offense charged against him.' 36 Cal.App. 511, 512, 172 P. 617, 618. This case was followed by the Circuit Court of Appeals for the Ninth Circuit in *Curreri v. Vice,* 77 F.2d 130  .  .  . "

This Court appears to have used similar reasoning in the case of *Kern v. State,* Okl.Cr., 522 P.2d 644 (1974), in reaching the conclusion that the testimony of an accomplice needs no corroboration in a certification hearing to determine if a child should stand trial on criminal charges. The opinion in that case states, "Any person so certified is still protected by the terms of 22 O.S. § 742 during the trial upon the merits." I point out that this question was not reached in the case of *Crum v. State,* Okl.Cr., 383 P.2d 45 (1963). The issue there was disposed of in Judge Nix's opinion with the sentence, "Although we are highly intrigued with the contention made by defendant, we are unable to consider the question on this appeal, because there was no attempt to comply with the Statute for such cases."

It is true that extending the requirements of § 742 to the preliminary examination may spare an occasional criminal defendant the expense and anxiety of preparation for trial. Competing against this interest however, is the interest of the state in seeing that pre-trial procedures are no more cumbersome than justice requires.

If the better policy be to require corroboration of accomplice testimony at a preliminary examination, it is the legislature, I believe, who should make that decision, not this Court. The language of the statute cannot support the construction placed upon it by the majority opinion.

Therefore, I concur that the District Court order should be vacated, but I dissent to the construction placed upon 22 O. S.1971, § 742, by the majority opinion.