556 P.2d 641 (1976)
In the Matter of J.S., a child under the age of 18 years.
No. J-76-701.
Court of Criminal Appeals of Oklahoma.
November 17, 1976.
S. Daniel George, Sallisaw, for appellant.
John W. Russell, Jr., Dist. Atty., John Q. Adams, Asst. Dist. Atty., Sallisaw, for appellee.

OPINION
BLISS, Judge:
J.S., a juvenile under the age of 18 years, appeals from an order of the Juvenile Division of the Sequoyah County District Court entered in Case No. JF-76-29 *642 on the 13th day of August, 1976, certifying J.S. an adult for criminal prosecution. The certification was based upon the District Court's finding there was probable cause to believe that J.S. had committed the crime of Burglary, and further that there was insufficient prospect for adequate protection of the public and insufficient likelihood for reasonable rehabilitation of the juvenile by the use of procedures and facilities currently available to the Juvenile Court. From this certification J.S. has perfected a timely appeal to this Court.
Briefly stated, the facts adduced at the certification hearing reveal that the Eddleman residence in Vian, Oklahoma, was apparently burglarized on or about the 1st of June, 1976, while the family was vacationing. Several items recovered by the Sheriff's Office near the railroad tracks and Vian Creek were identified as personal property of the Eddleman family. The testimony of T.R., another juvenile, revealed that he and J.S. burglarized the Eddleman home on the 1st of June, 1976, absconding with various items of personal property and that some of the personal property was left near Vian Creek. Jim Rinehart, a Deputy Sheriff of Sequoyah County at the time of the burglary, testified that his investigation of the Eddleman burglary ultimately resulted in the apprehension of T.R. who confessed to the crime. The soles of T.R.'s shoes were found to be similar to the footprints found near the Eddleman home. Rinehart also found the Eddleman's personal property near Vian Creek and further he received from the father of J.S. two guns which were also the Eddleman's personal property.
The instant appeal is essentially predicated upon the argument that the State failed to prove the prosecutive merit of the petition charging J.S. with burglary of the Eddleman home and further that the State failed to establish the nonamenability of J.S. Thus it is argued that the State failed to meet the standard of proof required for a valid certification as enunciated in J.T.P. v. State, Okl.Cr., 544 P.2d 1270 (1975).
An examination of the evidence establishes that the Eddleman residence was burglarized on or about the 1st of June, 1976. However, the only evidence directly connecting J.S. with the offense is the testimony of T.R., the admitted accomplice. Seemingly, the only other evidence which might inferentially connect the juvenile with the crime is the testimony of Officer Rinehart regarding the juvenile's father bringing into the Sheriff's Office the two guns which apparently had been taken in the Eddleman burglary. However, there is no testimony of the father or from Officer Rinehart regarding the source from whom the father recovered the guns and, thus, the evidence fails and falls short of any attempt to corroborate the testimony of T.R.
We do observe that corroboration of an accomplice's testimony in juvenile proceedings has not been previously required by this Court. See, Kern v. State, Okl.Cr., 522 P.2d 644 (1974). Yet subsequent to the Kern decision this Court did enunciate the rule that an accomplice's testimony in a juvenile proceeding must be corroborated in an adjudicatory hearing when the juvenile may be adjudicated a delinquent child. See, Smith v. State, Okl.Cr., 525 P.2d 1251 (1974). Especially noteworthy and an appropriate consideration is this Court's decision in State v. Wofford, Okl.Cr., 549 P.2d 823 (1976), wherein this Court concluded that 22 O.S. 1971, § 742,[1] is applicable at the preliminary examination in an adult criminal prosecution. Thus, a criminal defendant *643 may not be bound over for trial upon the uncorroborated testimony of an accomplice.
We are constrained to consider the continued viability of this Court's decision in Kern v. State, supra, in light of the decisions in Smith v. State, supra, and Wofford v. State, supra. There exists no substantial reason or logic which would justify compelling a juvenile to face the rigors and the consequences of the preliminary phases of an adult criminal prosecution upon the uncorroborated testimony of an accomplice when he cannot be bound over for trial or ultimately convicted solely upon that evidence. Therefore, the burden of requiring the State to come forth at the certification hearing with the necessary corroborative evidence is certainly outweighed by the potential consequences and stigma which may befall a juvenile who is certified upon the uncorroborated testimony of an accomplice but who cannot be bound over for trial or convicted when the State has no evidence corroborative of the accomplice's testimony. These possible cases, wherein the State may proceed upon the uncorroborated testimony of an accomplice, will thus be curtailed within the juvenile system, thereby providing safeguards for the juvenile from the stigma and consequences of the preliminary phases of a criminal adult proceeding. Yet, certainly, this will not preclude justice from being served in the appropriate instances when the reliability and trustworthiness of an accomplice's testimony is corroborated by evidence and the guilt and consequences thereof befall the deserving individual, being either juvenile or adult.
On appeal it is also argued that the State failed in presenting evidence sufficient to support the finding of the juvenile's nonamenability to rehabilitation. The second finding prerequisite to a valid certification order is the finding of nonamenability of the juvenile to the programs and facilities available to the Juvenile Court. See, J.T.P. v. State, supra. Also, such a finding must be supported by "substantial evidence" to justify the extreme consequences a juvenile incurs following certification as an adult for criminal prosecution. See, Calhoon v. State, Okl.Cr., 548 P.2d 1037 (1976).
The record before us fails to support the finding of the nonamenability of the juvenile. The record of the juvenile's prior contact with the Juvenile Court was not admitted into evidence,[2] although, presumably, such report was the principal basis upon which the Juvenile Court found the juvenile nonamenable.[3]
This type of evidence, social reports, is admissible subject to certain safeguards which are available to assure against a finding of nonamenability upon inaccurate evidence. The benevolent intention and the nonadversary role of the author of a social report does not eliminate nor mitigate potential dangers inherent in the preparation of such a report. Thus, the interested parties must be afforded a fair opportunity to examine, criticize and refute the findings in such a report. Only by providing this opportunity at the parties' request, can material susceptible to challenge or impeachment be subjected to the counsel's duty to "denigrate such matter" *644 for there is no irrebuttable presumption of the accuracy of staff reports. See, Kent v. United States, supra, 383 U.S. at 563, 86 S.Ct. 1045. Absent specific legislatively enacted safeguards, the fair opportunity to challenge such reports, at the parties' request, is necessary to assure the accuracy of the material which will be utilized as aids in the formulation of the proper disposition of a juvenile.[4]
The record of the instant case falls short of the standards enunciated herein. We cannot in good conscience affirm the certification of this juvenile based upon speculation of nonamenability.
For all of the above and foregoing reasons the Juvenile Division certification of the juvenile is REVERSED AND THE CAUSE REMANDED for further proceedings consistent with the views expressed herein.
BRETT, P.J., and BUSSEY J., concur.
NOTES
[1] Title 22 O.S. 1971, § 742, reads as follows:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."
[2] The transcript of the certification proceedings reflects that the social report upon the juvenile's background was offered as evidence but was objected to as hearsay at the instance of the juvenile's attorney. Such objection is made on the mistaken assumption that social reports are not admissible into evidence at the phase of the certification hearing wherein the Juvenile Court must determine the amenability or nonamenability of the juvenile. See, Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).
[3] The transcript of the proceedings further reflects that the Juvenile Court examined the social report, although not admitting it into evidence, and found the prior contacts of the juvenile with the Court substantiated the finding of nonamenability. Such action provides no basis for a meaningful appellate review, nor "substantial evidence" in the record to support the nonamenability finding. See, Calhoon v. State, supra.
[4] We need not now decide the extent or procedure by which social reports may be challenged or impeached, such as the subpoenaing of the author of said report for cross-examination which is now implicitly urged upon this Court by counsel for the juvenile.