**Gary Wayne WOFFORD, Petitioner,**

v.

**Hez BUSSEY et al., Defendants.**

**No. 50153.**

Supreme Court of Oklahoma.

Nov. 23, 1976.

Lantz McClain, Sapulpa, for petitioner.

Larry Derryberry, Atty. Gen., Frank Muret, Asst. Atty. Gen., for defendants.

WILLIAMS, Chief Justice.

Petitioner, Gary Wayne Wofford, was charged with a felony in the District Court of Creek County, and after a preliminary hearing he was bound over for trial. Thereafter, he filed a motion to dismiss which was sustained by the trial court for the specific reason of "lack of corroborative evidence at preliminary hearing".

The District Attorney, on behalf of the State of Oklahoma, then filed an appeal to the Court of Criminal Appeals. In that court petitioner filed a motion to dismiss the appeal upon the ground that it was not

authorized by statute. The motion was overruled. Thereafter, the Court of Criminal Appeals rendered its judgment and opinion in said appeal, reversing the trial court's order and judgment of dismissal, and remanding the cause with instructions to "reinstitute this cause upon the docket, and to proceed as if the order setting aside the information had never been entered". See *State of Oklahoma v. Gary Wayne Wofford*, Okl.Cr., 549 P.2d 823.

Shortly thereafter, petitioner filed in this Court the application to assume original jurisdiction and petition for writ of prohibition with which we presently are concerned.

In this Court, petitioner argues that the appeal by the State of Oklahoma to the Court of Criminal Appeals from the order and judgment of the trial court dismissing the case was not authorized by statute, and that the Court of Criminal Appeals therefore had no jurisdiction to consider the appeal.

It is obvious that if this Court were to decide the question sought to be presented, it would be exercising appellate jurisdiction over the Court of Criminal Appeals in a criminal case.

The Oklahoma Constitution, Article 7, Sec. 4, provides as follows:

"The appellate jurisdiction of the Supreme Court shall be coextensive with the State and shall extend to all cases at law or in equity; *except* that the Court of Criminal Appeals shall have *exclusive* appellate jurisdiction in criminal cases until otherwise provided by statute and in the event there is any conflict as to jurisdiction, the Supreme Court shall determine which court has jurisdiction and such determination shall be final. * * *" (Emphasis added.)

We hold that by use of the above clear and unambiguous language, our Constitution has conferred *exclusive* appellate jurisdiction in criminal cases upon the Court of Criminal Appeals until otherwise provided by statute. It is not suggested that

it has been "otherwise provided by statute", and there is no argument that there is a conflict of jurisdiction between the Court of Criminal Appeals and the Supreme Court. The argument is simply that the Court of Criminal Appeals has proceeded in excess of its jurisdiction; such being the case, and without more, the question is clearly beyond the jurisdiction of the Supreme Court.

The application to assume original jurisdiction is granted. The petition for writ of prohibition is denied.

All Justices concur.