Jonathan MORGAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. J–77–407.

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1977.

Loyal J. Roach, III, Tahlequah, for appellant.

Nathan Young, III, Asst. Dist. Atty., Cherokee County, Rex Earl Starr, Asst. Dist. Atty., Adair County, for appellee.

OPINION

## PER CURIAM:

The appellant, Jonathan Morgan, a juvenile, appeals from an order of the Juvenile Division of the District Court, Cherokee County, Case No. JUV–77–14, waiving jurisdiction over him and empowering the State to prosecute him as an adult for the crime of Murder in the First Degree.

The evidence presented at the hearing was that on March 26, 1977, at approximately 6:00 p. m., Mr. Virgle Potts, 83 years of age, was watching the evening news in his home in Tahlequah, Oklahoma, when a youth with long hair dragged Mrs. Potts, struggling, into the room from the back part of the house. The youth demanded money and threatened to shoot them if they failed to comply. When Mr. Potts secured a box containing money, the youth threw or kicked Mrs. Potts against a table, and took the money box from Mr. Potts. Mrs. Potts seized a stick and began striking the youth, who disarmed her and struck Mr. Potts in the face with the stick, knocking him to the floor. He inflicted several blows on Mrs. Potts, seized Mr. Potts' wallet, and fled from the home.

Shortly thereafter, Mrs. Potts went to the home of a neighbor, Mr. Suttle Wheeler, who called the police and advised them of the attack and robbery. The police arrived at approximately 7:00 p. m. and, apparently securing a description of the assailant, left. They returned shortly thereafter with the defendant in custody.

Mr. Wheeler testified over the defendant's objections that at that time both Mr. and Mrs. Potts positively identified the defendant as their assailant and robber, and that the defendant remained silent.

During this time Mrs. Potts treated the cut on her husband's face. Although complaining of pain in her chest, she declined the offer of the police to take her to the hospital. By midnight, however, Mrs. Potts' condition had worsened, and she was taken to the hospital, where she died forty-five minutes later as a result of internal injuries she had sustained during the attack.

Mr. Potts, who appeared at the hearing in borrowed glasses that had no lenses, testified that at first he took the intruder to be "the Chaney boy," who had been in the house earlier that day. His initial in-court identification of the defendant as the assailant was not firm; but subsequently on cross-examination, and again on redirect-examination, he positively stated that the defendant was the person.

On appeal the defendant's principal assignment of error is that the finding of nonamenability to rehabilitation within the juvenile system was not supported by sufficient evidence. In his argument the defendant correctly states the law that a finding of nonamenability must be based on substantial evidence, *J. T. P. v. State,* Okl. Cr., 544 P.2d 1270 (1975); *Calhoon v. State,* Okl.Cr., 548 P.2d 1037 (1976), and that substantial evidence is something more than a scintilla, *Calhoon,* supra, and *Terrell v. State,* Okl.Cr., 551 P.2d 1143 (1976). However, the defendant is not correct in asserting that there was not substantial evidence in the instant case. Doctor H. B. J. Deitsche, a clinical psychologist at Eastern State Hospital, testified to the results of the battery of tests which he administered to the defendant, and said that the diagnosis reached by the staff at the hospital was that of anti-social personality, or that the defendant was sociopathic. Mr. Steven Sumner, a social worker with Court Related and Community Services, testified that he had worked with the defendant longer than any other juvenile in his experience—for over a year; and that it was his opinion that the defendant could not be rehabilitated through the facilities available to the juvenile system. The defendant's past history includes an adjudication as a child in need of supervision because of truancy, and an adjudication as a delinquent as a result of possession of stolen property. Clearly there was substantial evidence to support the finding of the judge that the defendant was not amenable to rehabilitation within the juvenile system, and this assignment of error is without merit.

The other assignments of error raised by the defendant—that the statement of reasons given by the court in its order of certification is insufficient to permit a meaningful review, and that the defendant was denied due process of law and equal protection of the law by the procedure followed by the trial court—were not argued in his brief. After a careful review of the record, we hold that these assignments are also without merit. In his order of certification the judge carefully set out the reasons for his finding; and we find no constitutional deficiencies in the proceedings.

Although not specifically argued at length, the sufficiency of the evidence as to prosecutive merit has been raised. In this connection, the uncontroverted evidence established that Mrs. Potts died as a result of injuries inflicted during the course of the robbery in her home on the 26th day of March. This clearly establishes the corpus delicti of the crime of Murder. Because of Mr. Potts' poor vision, counsel for the defense raised on cross-examination a substantial factual issue for determination by the trial court, as to the reliability of the in-court identification by Mr. Potts of the defendant as the perpetrator. However, the testimony of Mr. Potts was certainly sufficient to support the finding of the judge in this Certification Proceeding. As we stated in *Turner v. State,* Okl.Cr., 549 P.2d 1346 (1976), the State is not required to present evidence at the preliminary hearing which would be sufficient to convict at trial, and there is a presumption that the State will strengthen its evidence at trial. See also, *Ex parte Roberts,* 31 Okl.Cr. 314, 238 P. 867 (1925); and *McAllister v. State,* 97 Okl.Cr. 167, 260 P.2d 454 (1953). We believe that the sufficiency of evidence required in a certification proceeding is certainly no greater than that required by *Turner,* supra. We find this assignment of error to be without merit.

In conclusion we observe that during the course of the certification proceeding, over the objections of defense counsel, the neighbor, Mr. Wheeler, was permitted to testify concerning the identification of the defendant made by the victim Mrs.

Potts, at the Potts' residence. The identification occurred about one hour after the commission of the robbery at a point in time when the victim had refused medical treatment, and while the defendant was in custody. It is therefore clear that this testimony was not admissible as a part of the res gestae, since a substantial length of time had passed and it was not contemporaneous with the attack or so closely related thereto as to render it admissible. It is likewise clear that the admission of the same could not be justified as a dying declaration, since at the time of the identification the victim did not believe that she was so seriously injured as to require hospitalization. Nor can its admission be justified under the theory that the accusatory statement was made in the presence of the defendant, and his silence amounted to an admission of its truthfulness. We have repeatedly held that it is a violation of the defendant's constitutional right of confrontation, guaranteed by Article 2, § 20 of the Oklahoma Constitution, for the trial court to admit the testimony of a witness relating statements of a third party which tend to incriminate the defendant, and which were made in the presence of a defendant while in custody and particularly is this true when such third party has not testified as a witness in the case and has not been subjected to cross-examination by the accused. See *Hazelwood v. State,* Okl.Cr., 430 P.2d 852 (1967); *Gossett v. State,* Okl.Cr., 373 P.2d 285 (1962); *McGrew v. State,* Okl.Cr., 293 P.2d 381 (1956); *Crabb v. State,* 86 Okl.Cr. 323, 192 P.2d 1018 (1948); *Walker v. State,* 80 Okl.Cr. 21, 156 P.2d 143 (1945); *Roy v. State,* 77 Okl.Cr. 405, 142 P.2d 139 (1943); *Langley v. State,* 53 Okl.Cr. 401, 12 P.2d 254 (1932); *Saunders v. State,* 33 Okl.Cr. 336, 244 P. 55 (1926); *Mackey v. State,* 30 Okl.Cr. 31, 234 P. 782 (1925); *Patton v. State,* 29 Okl.Cr. 66, 232 P. 454 (1925); *Cumpton v. City of Muskogee,* 23 Okl.Cr. 412, 225 P. 562 (1923); *Ellington v. State,* 24 Okl.Cr. 67, 215 P. 964 (1923); *Towery v. State,* 13 Okl.Cr. 216, 163 P. 331, L.R.A. 1917D, 491; *Ellis v. State,* 8 Okl.Cr. 522, 128 P. 1059, 43 L.R.A.,N.S., 811 (1913); *Vaughan v. State,* 7 Okl.Cr. 685, 127 P. 264, 42 L.R.A.,N.S., 889 (1911). While we are of the opinion that the admission of this testimony was clearly error, which if committed during the course of the trial would have required reversal, the same does not constitute such error in a certification proceeding where the evidence is otherwise sufficient to justify the judge presiding over such certification hearing in ordering the defendant to be certified as an adult.

For the above and foregoing reasons the Order of the trial court certifying the defendant to stand trial as an adult is *AFFIRMED.*