James L. BENNETT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–136.

Court of Criminal Appeals of Oklahoma.

Oct. 12, 1977.

Rehearing Denied Nov. 2, 1977.

Jack Shears, Jr., Shears & Shears, Ponca City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, James L. Bennett, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Kay County, Case No. CRF–75–176, for the crime of Unlawful Delivery of Controlled Drug, in violation of 63 O.S.Supp.1975, § 2–401. Punishment was assessed at not less than two (2) years nor more than five (5) years in the State Penitentiary and a fine of Five Hundred Dollars ($500.00). From said judgment and sentence the defendant has perfected this timely appeal.

The evidence at trial is as follows: Between the hours of 6:00 and 7:00 p. m. on October 26, 1975, Vondeen Hayhurst, an undercover agent for the Ponca City Police Department, went to the residence of Steve Gregory. Monty Hankla was already present when he arrived and Steve Gregory arrived shortly thereafter. After a brief discussion about the possible purchase of some amphetamines, these three proceeded to a house at the northwest corner of Fifth and England Streets in Ponca City.

Monty Hankla went to the residence and arranged the purchase with a large, white male, whom he identified as the defendant. Then Mr. Hankla and the defendant went to a green Pontiac which was parked in the driveway and an exchange occurred. Mr. Hankla returned to the car with a small plastic bag containing approximately 100 white tablets. Vondeen Hayhurst, Steve Gregory and Monty Hankla then returned to the Gregory residence.

At approximately 11:30 that same evening, Officer Hayhurst gave the plastic bag of pills to Detective Ham, who retained possession of the pills until he mailed them to the Oklahoma State Bureau of Investigation Crime Lab. Dennis Goodpasture, a forensic chemist for the O.S.B.I., received these pills and his testimony revealed that his analysis showed them to contain methamphetamines.

Following this testimony, the State rested its case. The defendant elected to stand on his demurrer and rested.

As his first assignment of error, defendant contends that the magistrate erred in continuing defendant's preliminary hearing on two different occasions without just cause, resulting in prejudice to defendant and a denial of his right to a speedy trial. Defendant was not afforded his right to preliminary hearing until some four months and ten days after the date the crime was allegedly committed.

The record indicates that the preliminary hearing was originally scheduled for January 5, 1976. On said date, the preliminary hearing was continued until February 6, 1976, at the State's request. Then on February 6, 1976, the State moved for a further continuance of preliminary hearing for the reason that a material witness was unavailable. The continuance was granted, over objection of the defendant, until March 5, 1976.

■ The first continuance granted on January 5, 1976, was not objected to by the defendant. In *Constabile v. State*, Okl.Cr., 513 P.2d 588 (1973), we held that a defendant on bail must resist the continuance of

the case or the presumption is that the delay was made with the consent of the defendant. The first continuance was therefor consented to, and any objection was waived.

The second continuance, however, was properly objected to, and therefore properly places the issue of speedy trial before this Court. In *State v. Durham*, Okl.Cr., 545 P.2d 805 (1976), this Court stated the factors to be considered in determining whether a defendant has been deprived of his right to a speedy trial: the length of the delay, the reason for the delay, the defendant's assertion of his rights, and the prejudice to the defendant.

■ In applying these factors to the case at bar, we find no merit to the argument of the defendant. Although defendant properly asserted his rights, the length of the delay was relatively short and for good cause. Further, although defendant alleges the delay "worked to his extreme prejudice" (defendant's brief, P. 14), he does not set out any factual basis for such a conclusion; and after reviewing the record we are not able to determine in what way the defendant was prejudiced. This assignment of error is without merit.

As his second assignment of error, the defendant urges that the examining magistrate erred in binding defendant over for trial on the charges filed in the information and that the trial court erred in overruling the defendant's motion to quash and set aside the information. As his first proposition under this second assignment, defendant claims that there was no evidence, absent the testimony of an accomplice, independently tending to connect defendant with the offense charged.

■ This places before us a reconsideration of the first question raised in *State v. Wofford*, Okl.Cr., 549 P.2d 823 (1976); that is, when the State relies upon an accomplice's testimony at a preliminary hearing, must the accomplice's testimony be corroborated by independent evidence. In *Wofford*, supra, the requirements of 22 O.S.

1971, § 742 [1], were extended to the preliminary examination, although by its expressed terms the Statute is limited to a conviction on a trial for the commission of a crime. In relying on the persuasive argument of the Alabama Court in *State v. Smith*, 138 Ala. 111, 35 So. 42 (1903), I failed to consider prior decisions of this Court, wherein we have repeatedly held that the State is not required to present evidence at the preliminary hearing which would be sufficient to convict at trial, and that there is a presumption that the State will strengthen its evidence at trial. See, *Morgan v. State*, Okl.Cr., 569 P.2d 474 (1977). See also, *Ex parte Roberts*, 31 Okl.Cr. 314, 238 P. 867 (1925); *McAllister v. State*, 97 Okl.Cr. 167, 260 P.2d 454 (1953), and *Turner v. State*, Okl.Cr., 549 P.2d 1346 (1976). I am now persuaded that the better view was expressed by my colleague Judge Brett, in his dissent in *Wofford*, supra. And for the reasons set forth, and in accordance with the authorities cited, in that dissent, the decision in *Wofford* insofar as it extends the requirements of 22 O.S.1971, § 742, to the preliminary examination is expressly overruled. The provisions of Section 742 relate only to a criminal trial on its merits in which a conviction can result. We are of the opinion and so hold that it cannot and should not be extended to apply to any other proceeding.

■ In passing we observe that there was sufficient evidence to corroborate the testimony of the accomplice Monty Hankla. The testimony of Vondeen Hayhurst supported all the material facts of the testimony of Hankla, except to positively identify the defendant. However, the testimony of Vondeen Hayhurst did establish that the person he had seen at the scene of the crime was a large, white male. The transcript of the preliminary hearing indicates no inconsistency between this description and the appearance of the defendant. This evidence, although slight, was sufficient at preliminary hearing to connect the defend-

ant with the commission of the crime. For the reasons above set forth, this proposition is without merit.

■ As his second proposition under the second assignment of error, defendant asserts that the examining magistrate committed error for the reason that there was no competent evidence introduced at the preliminary hearing to establish that the material or substance allegedly delivered was a Uniform Controlled Dangerous Substance. Defendant asserts that the State should have been required to have an expert witness testify to the drug's identity.

At the preliminary hearing, Detective Ham testified that he had received the pills from Vondeen Hayhurst. He took them to the police station and conducted a field test (Beckton-Dickinson) on the pills, which indicated them to be amphetamines. He also testified that he had been conducting this type of field test for six years.

In *Box v. State*, Okl.Cr., 541 P.2d 262 (1975), a similar case involving marijuana, we held the results of such a field test are admissible. We also stated:

". . . Whether or not a witness is allowed to testify as an expert rests largely in the discretion of the trial court and its decision will not be disturbed on appeal unless it clearly appears that said discretion has been abused. . . ."

After a careful examination of the testimony in this case, we are of the opinion that the examining magistrate at the preliminary hearing did not abuse his discretion and this proposition is without merit.

■ As his third assignment of error the defendant asserts that the trial court committed reversible error in allowing the case to be submitted to the jury when there was no corroborating evidence, absent the testimony of Monty Hankla, an accomplice, independently tending to connect defendant with the offense allegedly committed.

1. "A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

At the trial, the testimony of Monty Hankla was corroborated by Vondeen Hayhurst, who testified that he had accompanied Monty Hankla to a house on the northwest corner of the intersection of Fifth and England Street. Mr. Hayhurst observed Mr. Hankla walk to the residence. An unidentified, white male emerged from the residence and he and Mr. Hankla went to a parked car. The white male opened the trunk and some kind of exchange occurred. Mr. Hankla returned to the car. He produced some white pills, claimed to be amphetamines, which were for sale. Mr. Hayhurst paid for the pills and they left. Mr. Hayhurst further testified describing the white male.

Additionally, Detective Ham testified that he knew the defendant and knew that he lived at a residence on the northwest corner of the intersection of Fifth and England Street.

In view of this corroborating evidence, we are of the opinion that the testimony of Monty Hankla was sufficiently corroborated by independent evidence tending to connect the defendant with the crime charged. Title 22 O.S.1971, § 742; *Howard v. State*, Okl.Cr., 561 P.2d 125 (1977).

As his fourth and final assignment of error, the defendant contends that the trial court committed reversible error in allowing the State's expert witness to testify concerning the identity of State's Exhibit No. 1, where there was no proper chain of custody established. Defendant contends that neither of the witnesses who were present at the time the alleged transaction took place identified State's Exhibit No. 1, as being the substance allegedly received from the defendant.

Although it is true that neither of the witnesses who were present at the time of the alleged transaction identified State's Exhibit No. 1, this was not necessary to establish the chain of custody. The testimony of the witnesses, as adduced at trial, established a clear chain of custody from the defendant.

Monty Hankla testified that he received the pills from the defendant and transferred them to Vondeen Hayhurst as part of the alleged transaction. Vondeen Hayhurst testified that he was given the pills by Monty Hankla and retained possession of them until 11:20 p. m. on the night of the transaction, at which time he turned them over to Detective Ham. To complete the chain, Detective Ham testified that he received the pills from Vondeen Hayhurst, and identified State's Exhibit No. 1 as the pills which he received and placed in an envelope for mailing to the Crime Lab.

In light of this evidence, we are of the opinion that the State sufficiently established the chain of custody and therefore find no error.

For the above and foregoing reasons, we find the judgment and sentence appealed from should be, and the same hereby is, *AFFIRMED.*

BRETT, Judge, specially concurring.

While I concur in this decision, I must point out that I dissented to the decision in *Box v. State*, supra. Nonetheless, I am not offended by the field test being admitted at the preliminary hearing so long as the chemist appears as the expert witness and identifies the substance at trial. I do not agree that field tests are sufficient to sustain a conviction at trial in matters of this type. Likewise, I agree that it is within the discretion of the trial judge to permit an expert witness to testify after sufficient qualifications have been established.